UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                                                        Case No. 10-74390-ast

Warren D. Harmon,                                               Chapter 13

                                  Debtor.
---------------------------------------------------------X

## **DECISION AND ORDER SUSPENDING ECF USER PRIVILEGES**

### **Facts and Background**

A petition under chapter 13 of the Bankruptcy Code was filed by Warren D. Harmon ("Debtor") on June 8, 2010. Debtor's attorney of record in this case is Kenneth S. Pelsinger, Esq. ("Pelsinger").

Pelsinger filed this case using the Court's Electronic Case Filing System ("ECF") and his assigned login and password. The ECF Attorney Password Application (the "ECF Application") executed by Pelsinger on June 25, 2008, states at paragraph 11 as follows: "I understand that I will be required to pay for all fee-related filings by midnight of the day of filing, and that any failure to pay the fees due may result in revocation of my ECF password."

By Administrative Order dated November 25, 2009, (the "Administrative Order"), the Court directed:

> [E]ffective December 1, 2009, where a bankruptcy petition is filed electronically over the Internet and the filing fee has not been paid in full, the Clerk is authorized and directed to send a notice to the debtor and the debtor's counsel informing them that the filing fee must be paid in full within five (5) business days of the date of the Notice (the "Cure Period"), failing which the bankruptcy case will be dismissed.

Admin. Order No. 539 (Bankr. E.D.N.Y.).

In accordance with Rule 83 of the Federal Rules of Civil Procedure and Rules 5005(a)(2)

and 9029 of the Federal Rules of Bankruptcy Procedure, this Court has established revised practices and procedures for the filing, signing and verification of documents by electronic means. *See* General Order No. 559 (Bankr. E.D.N.Y. ), Revised Electronic Means for Filing, Signing and Verification of Documents (the "Electronic Order"). This Electronic Order, dated April 23, 2010, and made effective immediately, applies to all bankruptcy cases and adversary proceedings pending on or after the effective date of April 23, 2010.

The Electronic Order adopts Revised Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means ("Electronic Filing Procedures"), which are attached to the Electronic Order. The Electronic Filing Procedures provide, *inter alia*, as follows

> 7. <u>Payment of Filing Fees</u>. As part of the registration process, the attorneys affirm that they have a valid credit card. All fee-related Internet filings will be paid through the Court's Internet credit card processing system known as Pay.gov. These fees must be paid by midnight of the day of filing. Any failure to pay the fees due may result in revocation or suspension of the attorney's password.

At the time of filing of the instant case the filing fee of $274.00 (the "Filing Fee") had not been paid. On June 9, 2010, the Clerk of the Court issued a Notice of Failure to Pay Filing Fees in Connection with Electronically Filed Bankruptcy Petition (the "Notice") [dkt item 7]. The Notice was served electronically on Pelsinger on June 9, 2010, and by first class mail on the Debtor on June 11, 2010. The Notice advised that the filing fee had not been paid and that "[t]he fee must be paid in full within five (5) business days of the date of this Notice, failing which the bankruptcy case will be dismissed without further notice."

Pelsinger has filed multiple bankruptcy cases[1] without paying the required filing fee on a timely basis as required by the ECF Application, which resulted in the temporary 'lock out' of Pelsinger's ECF account on a number of occasions.  Therefore, on June 18, 2010, the Court issued an Order scheduling a hearing on July 20, 2010, directing that the Debtor and Pelsinger appear and show cause why this Court should not enter an Order: (i) dismissing this case based upon the failure to pay the  Filing Fee, and/ or (ii) temporarily or permanently revoking Pelsinger's ECF password due to his repeated failure to comply with the ECF Application ("Show Cause Hearing") [dkt item 10].

The filing fee was paid in full on June 23, 2010, being fifteen (15) days after this case was filed.

The Court held the Show Cause Hearing on July 20, 2010, and both Christine Black, Esq. from the Office of the United States Trustee ("UST") and Pelsinger appeared.  Debtor did not appear.  At the Show Cause Hearing, Pelsinger was questioned about he and his client's intentions to faithfully prosecute this chapter 13 case.  This issue was raised in this case because this Court has entered several orders in cases filed by Pelsinger which directed that he not file bare-bones bankruptcy petitions, given a pattern of filings made by Pelsinger in which bankruptcy cases are filed but not prosecuted in any meaningful fashion,[2] including a prior filing by the Debtor herein. *See In re Harmon*, 09-77311 [dkt item 23].  Pelsinger has previously

---

[1] The Court has previously attempted to address Pelsinger's abuse of his ECF filing privileges.  In the Chapter 13 case of JoVanka Princivil(Case No. 09-79584-ast) an Order to Show cause [dkt item 4] was issued by the Court based upon another failure by Pelsinger to timely file the filing fee.  Following a hearing, the Court allowed Pelsinger ten days to cure the payment deficiency and did not impose future restrictions based upon the view that the failure to pay the filing fee was an aberration.

[2] *See, e.g.*, *In re Pammer,* 08-70500-ast [dkt item 44]; *In re Shumski*, 08-76970-ast [dkt item 22] & 09-72716-ast [dkt item 19]; *In re Kucuk,* 09-72591-ast [dkt item 21]; *In re Princivil,* 09-75520-ast [dkt item 19] & 09-79584-ast [dkt item 4]; *and In re Miyagi,* 09-77214-ast [dkt item 21].

represented to this Court that he would not file any more bare bones bankruptcy cases, and has been ordered not to do so.

At the July 20 Hearing, Pelsinger informed this Court that this was a legitimate and "active Chapter 13 case and we [Pelsinger and Debtor] will comply with all the requirements of the [Bankruptcy] Code . . . and all that's needed" for the completion of the chapter 13 process. [July 20, 2010 Hg. at 9:56]  Based upon the representations of Pelsinger, the Court adjourned the Show Cause Hearing to August 17, 2010 ("Adjourned Show Cause Hearing"), in order to monitor the progress of Debtor in this case.  August 17 was selected, in part, as a date subsequent to the date scheduled for Debtor to appear and be examined at his mandatory meeting of creditors held pursuant to Section 341 of the Bankruptcy Code.  At the conclusion of the July 20 Hearing, this Court directed both the Debtor and Pelsinger to appear at the Adjourned Show Cause Hearing.

The Court issued and the Clerks office served a letter dated July 21, 2010, scheduling the Adjourned Show Cause Hearing for August 17, 2010 [dkt item 24].

On August 17, 2010, the Court held the Adjourned Show Cause Hearing; the UST and appearance counsel on behalf of Pelsinger appeared.  Pelsinger himself did not appear, and Debtor did not appear.  At the Adjourned Show Cause Hearing, Pelsinger's appearance counsel informed the Court that Pelsinger had been out of town and did not know why Debtor did not appear.  The UST informed the Court that the Debtor's Section 341 Hearing had been rescheduled to August 31, 2010. [Aug. 17, 2010, Hg at 10:04]  Based upon the nonappearance of Pelsinger and Debtor, and the fact that the Debtor had not yet appeared for his Section 341 Hearing, the Court adjourned the Show Cause Hearing to September 16, 2010 ("Second

Adjourned Show Cause Hearing") and directed that both Debtor and Pelsinger appear.

The Court issued and the Clerks office served a letter dated August 17, 2010, scheduling the Second Adjourned Show Cause Hearing for September 16, 2010 [dkt item 27].

The Court held the Second Adjourned Show Cause Hearing on September 16, 2010. The UST and the Chapter 13 Trustee appeared, but neither Debtor nor Pelsinger appeared.

A review of the official CM/ECF record in this case and the statements of the Chapter 13 Trustee at the Second Adjourned Show Cause Hearing demonstrate that neither the Debtor nor Pelsinger is prosecuting this case in any meaningful manner. No payments have been made to the Chapter 13 Trustee; the chapter 13 plan filed by Debtor and signed by Pelsinger contains numerous blanks;[3] the Schedules filed by Pelsinger and signed by Debtor contain numerous entries of "N/A", while the Schedules I and J, intended for the demonstration of Debtor's income and expenses, are replete with 0's;[4] and Debtor and Pelsinger have failed to appear at the mandatory Section 341 meeting of creditors. These deficiencies exist despite Pelsinger's express representations to this Court that this is an "active Chapter 13 case and we [Pelsinger and Debtor] will comply with all the requirements of the [Bankruptcy] Code . . . and all that's needed" for the completion of the chapter 13 process [July 20, 2010 Hg. at 9:56].

## Analysis

---

[3] The Debtor's chapter 13 plan, filed on June 8, 2010, provides a shell of a plan but absolutely no useful information has been inserted. [dkt item 2]

[4] The petition filed by the Debtor on June 8, 2010, reflects information related only to a claim related to a mortgage on real property; Schedule B indicates the Debtor has no personal property; no creditors are listed; and Schedules I and J indicate the Debtor has no source of income and no expenses.[dkt item 1] These Schedules have not been amended throughout the administration of this case.

The attorney of record for a debtor "shall appear on behalf of the debtor in every aspect of the case, including, but not limited to . . . defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the case." E.D.N.Y. LBR 2090-2. Not only has Pelsinger failed to appear as directed by the Court and as required by the Court's Local Rules in this case, Pelsinger has exhibited a pattern of filing bankruptcy cases that simply clog the Court's docket, with no apparent intention of either he as counsel or the debtors he represents to meaningfully prosecute the cases.

This Court has the inherent authority to regulate the conduct of attorneys who appear and practice before it. *See In re Dickerson*, No. 08-33071, 2009 WL 4666457, *9 (Bankr. N.D.N.Y. 2009) (stating "bankruptcy courts have the inherent authority to regulate attorney practice before the court"); *see also In re MPM Enters., Inc.* 231 B.R. 500, 503-04 (E.D.N.Y. 1999) (stating, *inter alia*, that "this Court is of the view that the Bankruptcy Court has the power to permanently bar an attorney from appearing in any Bankruptcy Court in the Eastern District."); *In re Chase*, 372 B.R. 142, 154 (Bankr. S.D.N.Y. 2007).

As noted in *Dickerson*, new Rules of Professional Conduct ("Rules") governing the practice of law in New York became effective as of April 1, 2009. These Rules include:

Rule 1.1: COMPETENCE

(a) A lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
(b) A lawyer shall not handle a legal matter that the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it.
(c) [A] lawyer shall not intentionally:
(1) fail to seek the objectives of the client through reasonably available means permitted by law and these Rules; or
(2) prejudice or damage the client during the course of the representation except as permitted

>or required by these Rules.
>
>Rule 1.3: DILIGENCE
>
>(a) A lawyer shall act with reasonable diligence and promptness in representing a client.
>(b) A lawyer shall not neglect a legal matter entrusted to the lawyer.
>(c) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but the lawyer may withdraw as permitted under these Rules.

N.Y. R. PROF'L CONDUCT 1.1, 1.3; *see also In re Dickerson*, No. 08-33071, 2009 WL 4666457 at *10 n.9.

Moreover, honesty and candor with a tribunal is of paramount importance, and should not be overlooked in fashioning an appropriate remedy. *See* N.Y. R. PROF'L CONDUCT 13.3.

Pelsinger has misrepresented his and his client's intentions to this Court in this case, has exhibited a pattern of filing vacuous bankruptcy cases, and has violated the terms of his ECF Application and the Administrative Order on several occasions.

Based on the foregoing, this Court has determined that Pelsinger's ECF account privileges and access should be revoked for a period of ninety (90) days from the issuance of this Order.

Now, therefore, it is hereby

**ORDERED**, that for a period of ninety (90) days starting from the date of issuance of this Order, Pelsinger's ECF account privileges and access are hereby **revoked**; and it is further

**ORDERED**, that by **October 22, 2010**, Pelsinger shall file with this Court fee statements and billing records as evidence of any fees he has received from Debtor in connection with this bankruptcy case, and any services he has rendered, and shall serve same on Debtor, the Chapter 13 Trustee, and the United States Trustee; and it is further

**ORDERED,** that any response or objection to the fee statements and/or to this Order must be filed by **November 11, 2010**; and it is further

**ORDERED**, that Pelsinger shall appear and show cause on **November 18, 2010, at 11:30 a.m.** before the Honorable Alan S. Trust, Bankruptcy Judge, in Courtroom 960 at the United States Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York 11722, why this Court should not enter an Order disgorging the fees paid to Pelsinger by Debtor is connection with this case, and/or why his ECF user privileges should not be further revoked, and/or why his privilege to practice before the Bankruptcy Court for the Eastern District of New York should not be suspended; and it is further

**ORDERED**, that the Debtor shall appear and show cause on **November 18, 2010, at 11:30 a.m.** before the Honorable Alan S. Trust, Bankruptcy Judge, in Courtroom 960 at the United States Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York 11722, why this Court should not enter an Order converting this case to a case under chapter 7 of the Bankruptcy Code; and it is further

**ORDERED**, the Second Adjourned Show Cause is adjourned to **November 18, 2010, at 11:30 a.m.**; and it is further

**ORDERED**, that a status conference on this case shall be held on **November 18, 2010, at 11:30 a.m.**; and it is further

**ORDERED**, that the failure of either the Debtor or Pelsinger to appear at the November 18, 2010 hearing may result in the imposition of additional sanctions in addition to the relief outlined above; and it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this Order upon the

Debtor, Pelsinger, the Chapter 13 Trustee, and the Office of the United States Trustee.



**Dated: September 22, 2010**
**Central Islip, New York**

Page 9 of 10

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

**SERVICE LIST**

Kenneth S. Pelsinger, Esq.
1900 Hempstead Turnpike, Suite 304
East Meadow, NY 11554

Warren D. Harmon
7 Frank Street
valley Stream, NY 11580

Marianne DeRosa
Standing Chapter 13 Trustee
100 Jericho Quadrangle, Suite 208
Jericho, NY 11753

Diana G. Adams
Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437